# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

ROGER HERMAN SWEATT                                                        PLAINTIFF

v.                                                     CIVIL ACTION NO. 3:17-CV-33-RP

UNITED STATES                                                        DEFENDANT

## MEMORANDUM OPINION

Defendant United States of America has moved to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6). Docket 7. After due consideration, the Court is ready to rule.

## Facts

Plaintiff Roger Herman Sweatt ("Plaintiff") filed his Complaint against the United States of America on February 15, 2017. Docket 1. Plaintiff's Complaint seeks damages for personal injury and medical malpractice that allegedly occurred during cataract surgery on his right eye at the Jamaica Plain campus of the Veterans Administration Boston Healthcare System on March 13, 2012. *Id*. at 4. Plaintiff states that on the day after the procedure the physician who performed the surgery observed "a large accumulation of blood in the back of [his] right eye" and informed Plaintiff that "an instrument went into the eye too far piercing the back of your eye." *Id*. at 5. According to Plaintiff, he was told that a physician "on a learning fellowship rotation" inserted a needle in his eye to administer the numbing agent and "went too deep and at the wrong angle," puncturing his retina and causing it to separate. *Id*.

Plaintiff states that he underwent subsequent surgeries to remove the bloody hemorrhage, re-attach his retina, and place a silicone bubble in his eye to hold the retina in place. *Id*. Plaintiff

states that a few weeks after the surgery, another procedure was performed to "repair holes in [his] retina caused by the needle going in at the wrong angle and too far." *Id*.

According to Plaintiff, he was later treated by a retina specialist at the University of Tennessee who informed Plaintiff that he was legally blind and referred him to a low vision clinic. *Id*. at 6. A physician at the VA eye clinic in Memphis, Tennessee allegedly told Plaintiff that his "right eye was badly bruised with a sub-retinal hemorrhage, and retina scar, corrodial [*sic*] fusion with a medina" and that his vision could not be improved. *Id*.

Plaintiff alleges that as a result of these injuries and because his vision is so poor, he was forced to close his family real estate business and move from Vermont to Mississippi. *Id*. at 6. He requires the use of a cane, cannot drive, and can no longer assist with household duties. *Id*. Plaintiff claims that he experiences severe headaches around and above his eyes and is seeking $2.5 million in money damages as well as future medical care at no cost from the VA Health Care System. *Id*. at 7.

Plaintiff submitted letter from the Office of General Counsel at the U.S. Department of Veterans Affairs dated August 24, 2016, as an exhibit to his Complaint. Docket 1-1. The letter explains that Plaintiff's tort claim was initially denied on April 21, 2016, and again on reconsideration on August 24, 2016, because his claims are time-barred. *Id*. The August 24, 2016 denial letter states in relevant part:

> As you were previously advised, the FTCA provides that a claim must be filed within two years of its accrual…. Our review found that your allegations were regarding matters that arose two years or more prior to August 6, 2015, which was the date you filed your tort claim. Thus your claim is time-barred, and is denied on that basis.

*Id*.[1]

---

[1] Plaintiff misconstrues the August 24, 2016, denial letter as authorizing this action. Docket 15, 16. The letter states in relevant part:

## Procedural History

On May 12, 2017, the United States moved to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6) alleging that Plaintiff's Complaint fails to state a claim upon which relief can be granted.[2] Docket 7. In its accompanying memorandum, the United States asserts that Plaintiff's claim is barred by the two-year statute of limitations contained in the 28 U.S.C. §2401(b). Docket 8. Defendant states that under the Federal Tort Claims Act, a claim must first be presented to the appropriate federal agency within two years after the accrual of the claim and that Plaintiff's failure to timely submit his claim to the Department of Veterans Affairs warrants dismissal of this action. *Id.* at 4 (citing 28 U.S.C. §2401(b)).

Plaintiff responded to the Motion to Dismiss with two submissions dated June 26, 2017 and June 29, 2017. Docket 11, 12. The United States filed its reply on July 6, 2017, and Plaintiff has since submitted two letters to the Court, dated July 17, 2017 and August 2, 2017, setting forth his arguments in support of equitable tolling of the two-year statute of limitations. Docket 15, 16. Because pro se pleadings are to be judged with a "liberality unnecessary for those drafted by skilled counsel," the Court will consider all of Plaintiff's submissions as all are relevant to the allegations set forth in his Complaint and the grounds on which the United States seeks dismissal. *Campbell v. Beto*, 460 F.2d 765, 769 (5th Cir. 1972).

---

> This denial is the last action we will take on this tort claim. If you wish to pursue your claim further, you may file suit in Federal district court within six months from the date at the top of this letter. 28 U.S.C. §2401(b).

Docket 1-1. This statement does not validate the timeliness of Plaintiff's Complaint, but instead merely recites the statute's instruction on seeking further relief once the federal agency has denied a tort claim.

[2] The undersigned stayed discovery in this case on May 16, 2017, in light of Defendant's Motion to Dismiss on the basis that the limitation periods outlined in 28 U.S.C. §2401(b) were jurisdictional. Docket 9. However, the ruling in *United States v. Kwai Fun Wong* established that the two-year statute of limitations is not a jurisdictional requirement; therefore, an automatic stay under Local Uniform Civil Rule 16(b)(3)(B) was not required. *United States v. Kwai Fun Wong*, 135 S. Ct. 1625 (2015). The Court finds that a stay was appropriate nonetheless in light of the statute of limitations defense.

## Standard of Review

In ruling on a motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches,* 495 F.3d 191, 205 (5th Cir.2007) (internal quotations and citations omitted). In order to survive a Rule 12(b)(6) motion to dismiss, "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). "'Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" *Id.* (quoting *Bell,* 127 S.Ct. at 1965).

When the issue is a statute of limitations defense, the Court may order dismissal under Rule 12(b)(6) "where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa,* 339 F.3d 359, 366 (5th Cir.2003); *see also Kansa Reinsurance Co., Ltd. v. Congressional Mortgage Corp. of Texas,* 20 F.3d 1362, 1366–70 (5th Cir.1994) (dismissing claim as time barred under Rule 12(b)(6) where claim was filed after the applicable statute of limitations had run and the pleadings showed that plaintiff was not entitled to benefit of the discovery rule).

In ruling on a Rule 12(b)(6) motion to dismiss, the Court generally may not look beyond the pleadings. *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994). However, matters of public record and matters of which the Court may take judicial notice as well as documents attached to the complaint are exceptions. *Id.* at 1343 n.6; *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996). Further, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the] claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2001).

## Discussion

### 1. Sovereign Immunity and the Federal Tort Claims Act

The United States, as a sovereign, is immune from suit unless it consents to be sued. *United States v. Mitchell,* 445 U.S. 535, 538 (1980). Thus, the terms of the United States' consent to be sued in any court define that court's jurisdiction to entertain the suit. *United States v. Testan,* 424 U.S. 392, 399 (1976). As a result, consent "cannot be implied but must be unequivocally expressed." *Mitchell,* 445 U.S. at 538. Accordingly, statutes purporting to waive the United States' sovereign immunity are strictly construed. *See id.*

The Federal Tort Claims Act (FTCA) waives the United States' sovereign immunity with regard to various types of tort claims, including claims for personal injuries allegedly caused by the negligence of federal employees acting within the scope of their employment. *See United States v. Kubrick,* 444 U.S. 111, 117 (1979). The FTCA, however, attaches conditions to the waiver. One of those conditions is contained in 28 U.S.C. § 2679(b)(1), which provides that the FTCA is a plaintiff's exclusive remedy in cases of this type:

> The remedy against the United States provided by [the Federal Tort Claims Act]... for personal injury... arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action... against the employee. Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee... is precluded without regard to when the act or omission occurred.

28 U.S.C. § 2679(b)(1).

Another condition Congress has placed on the United States' waiver of sovereign immunity is the exhaustion requirement contained in 28 U.S.C. §2675(a) which provides that:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall

> have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing….

28 U.S.C. § 2675(a).

Finally, a plaintiff has two years after his claim accrues to present his tort claim in writing to the appropriate Federal agency, as stated in 28 U.S.C. §2401(b):

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. §2401(b). In short, a plaintiff is required to file an administrative claim within two years *and* then file suit within six months of its denial. *Houston v. U.S. Postal Serv.*, 823 F.2d 896, 902 (5th Cir. 1987). A plaintiff's claim for medical malpractice generally accrues when he has discovered both the existence of his injury and its cause. *United States v. Kubrick*, 444 U.S. 111, 120 (1979); *see also*, *Ware v. United States*, 626 F.2d 1278, 1284 (5th Cir. 1980) (stating federal law determines when claim accrues within meaning of §2401(b)).

However, there is an important caveat to this limitations period. The Supreme Court recently held that the FTCA's two-year statute of limitations "is not a jurisdictional requirement" and, under certain circumstances, a court can toll these limitations on equitable grounds. *United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1633 (2015). Equitable tolling preserves a plaintiff's claim when strict application of the statute of limitations would be inequitable. *Trinity Marine Products, Inc. v. U.S.*, 812 F.3d 488-89 (5th Cir. 2016). The plaintiff bears the burden of justifying equitable tolling; however, it "is not intended for those who sleep on their rights." *Id.* at 489 (quoting *Covey v. Ark River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)).

## 2. 28 U.S.C. § 2401(b)

In the present case, the United States asserts that Plaintiff failed to submit his tort claim for the alleged injuries within the two-year statute of limitations prescribed by 28 U.S.C. §2401(b), and therefore, his claim must be dismissed. Docket 8.

In support of the its Motion to Dismiss, the United States submitted Plaintiff's tort claim—dated July 30, 2015 and marked received by the Department of Veterans Affairs on August 6, 2015—as evidence of Plaintiff's failure to comply with the limitations period set forth in 28 U.S.C. §2401(b). Docket 7-1. Although submitted by the Defendant, the Court will consider the original tort claim as within the pleadings as it is central to Plaintiff's claim and is referenced in the August 24, 2016 denial letter from the U.S. Department of Veterans Affairs that is an exhibit to Plaintiff's Complaint. Docket 1-1; *see Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2001).

The United States points to Plaintiff's allegation he was advised that an instrument went into his eye too far piercing the back of his eye (Docket 1 at 5) as proof that Plaintiff "knew of both the injuries of which he complains and the alleged cause thereof on March 14, 2012." Docket 8 at 4. Therefore, the United States urges, Plaintiff's claim accrued on March 14, 2012, and Plaintiff failed to present his tort claim to the U.S. Department of Veterans Affairs within two years from that date. *Id*.

In response to Defendant's Motion to Dismiss, Plaintiff argues that "[t]here is no time limit on a V.A. claim, so why should or would there be on a Tort claim or Federal Court claim? Besides this is a Federal Court Claim, not a Tort Claim." *Id*.  First, Plaintiff's claims for "Personal Injury – Medical Malpractice" against the United States of America fall under the

exclusive purview of the Federal Tort Claims Act as set forth in 28 U.S.C. §2679(b)(1). *See* Docket 1-2 (Civil Cover Sheet).

Second, the Court finds that Plaintiff's claim accrued on March 14, 2012. Based on Plaintiff's own representations, he was made aware of his injury and its probable cause the day after the procedure was performed when Dr. Desai "noticed a large accumulation of blood in the back of [his] right eye" and told him "an instrument went into the eye too far piercing the back of your eye."[3] Docket 1 at 5. Plaintiff does not deny that he did not present his tort claim to the U.S. Department of Veterans Affairs until August 6, 2015, more than two years after discovering the fact of his injury and its cause. The Court finds that Plaintiff failed to notify the U.S. Department of Veterans Affairs within two years after the claim accrued.

### 3. Equitable Tolling of the FTCA's Two Year Statute of Limitations

"Federal courts have typically extended equitable relief only sparingly." *Bryant v. United States*, 96 F. Supp. 2d 552, 555 (N.D. Miss. 2000). The Supreme Court has held that:

> We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving where the claimant failed to exercise due diligence in preserving his legal rights.... [Moreover,] the principles of equitable tolling described above do not extend to... garden variety claim[s] of excusable neglect.

*Id*. (quoting *Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 96 (1990)). Regarding the FTCA specifically, the Fifth Circuit has held that the statute of limitations may be equitably tolled in cases "where the principles of equitable tolling would ordinarily apply" and where the

---

[3] Plaintiff's pleadings assert various dates, all around May 14, 2012, on which he discovered his injury and its cause. He states that he "was aware of this surgery gone wrong on Monday, March 17th, 2012." Docket 15 at 1. The initial tort claim submission lists "03-21-12" as the "Date and Day of Accident," while the attached statement claims that on March 14, 2012, he was told "an instrument went into the eye too far piercing the back of your eye." Under each of these dates, Plaintiff's claim remains squarely outside the two-year statute of limitations.

plaintiff has "actively pursued judicial remedies ... [and] exercised due diligence." *Id*. (quoting *Perez v. United States,* 167 F.3d 913, 917 (5th Cir.1999)).

Plaintiff offers what he labels a "cultural defense," stating "the culture of the veteran is one of innocence to the 100's and 1,000's of rules and regulations of the Veterans Affairs System […and are] unaware of the time line [*sic*] in reporting and seeking compensation from a wrongful surgery or mishap. Docket 11 at 3. It is well settled that, standing alone, mere ignorance of the law is not an excuse against its enforcement. *Utermehle v. Norment*, 197 U.S. 40, 55 (1905). While there are instances in which ignorance of the law coupled with "fraudulent conduct on the part of others, or mistakes of fact relating thereto" may be regarded as a defense, "there ought to be no negligence in attempting to discover the facts." *Id*. at 55-56. Plaintiff's failure to "actively pursue [] judicial remedies … [and] exercise[] due diligence" in order to discover the timeline for "reporting and seeking compensation" does not warrant any tolling of the statute of limitations.

Plaintiff further claims that he has been in "continuing treatment" for the injury alleged and submits an article detailing Massachusetts' "continuing treatment" exception to the statute of limitations in medical malpractice cases. Docket 15 at 1, 3. Because federal law determines when a claim accrues under the FTCA, Massachusetts state law has no bearing on the timeliness of Plaintiff's Complaint. *See Ware v. U.S.*, 626 F.3d at 1284.

While some courts have recognized the continuing treatment doctrine as a basis for tolling the statute of limitations[4], a number of courts have refused to toll the limitations period

---

[4] "Where there has been a course of continuous medical treatment, a claim may not accrue until the end of that course of treatment, if the treatment has been for the same illness or injury out of which the claim for medical malpractice arose." *Otto v. Nat'l Inst. of Health*, 815 F.2d 985, 988 (4th Cir. 1987) (citing *Page v. United States,* 729 F.2d 818, 823 n. 36 (D.C.Cir.1984); *Kossick v. United States*, 330 F.2d 933, 936 (2d Cir. 1964)).

when a person has knowledge of the negligent cause of his injury.[5] Although continuing treatment is not among the circumstances in which the Fifth Circuit has applied equitable tolling, the Fifth Circuit is instructive regarding the applicability of equitable tolling where a plaintiff has knowledge of the cause of his injury. "The limitations period may be tolled by proving two elements: first, that the defendants concealed the conduct complained of, and second, that the plaintiff failed, despite the exercise of due diligence on his part, to discover the facts that form the basis of his claim." *Trinity Marine Prod., Inc. v. United States*, 812 F.3d 481, 489 (5th Cir. 2016) (internal citation omitted).

Plaintiff repeatedly states that he was aware of his injury and its cause as early as March 14, 2012. Plaintiff does not claim that the United States concealed the cause of his injury, but rather claims that Dr. Desai was forthright in informing Plaintiff regarding the exact cause of his injury. Plaintiff had knowledge of the facts that form the basis of his claim yet failed to actively pursue judicial remedies and exercise due diligence. The Court does not mean to minimize the harm Plaintiff alleges was done to him. However, "Congress has determined that two years is a reasonable time for a plaintiff armed with the facts about the harm done to him ... [to] protect himself by seeking advice in the medical and legal community." *Kubrick,* 444 U.S. at 123. "[W]e are not free to construe [the statute of limitations] so as to defeat its obvious purpose, which is to encourage the prompt presentation of claims." *Id.* at 117.

Finding no basis upon which to equitably toll the two-year statute of limitations for submitting a tort claim to the appropriate Federal agency, the Court will dismiss Plaintiff's

---

[5] *Tyminski v. United States*, 481 F.2d 257, 264 (3rd Cir. 1973) ("[the] rationale for the rule has no merit when a person knows of the acts constituting negligence"); *Ashley v. United States*, 413 F.2d 490, 493 (9th Cir. 1969) (continuous-treatment doctrine not available to toll statute of limitations in medical malpractice action brought under Federal Tort Claims Act where plaintiff knows of the acts constituting negligence); *Reilly v. United States*, 513 F.2d 147, 150 (8th Cir. 1975) ("the rule does not apply when the claimant is aware of the acts constituting negligence").

Complaint due to his failure to exhaust his FTCA administrative remedies within the congressionally mandated limitations period. A separate order in accordance with this opinion shall issue this day.

This the 7th day of August, 2017.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE